IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PERRY LANE DAVIS, #226416,        )
                                  )
        Petitioner,               )
                                  )
    v.                            )        CASE NO. 2:06-CV-640-WKW
                                  )
J. C. GILES, et al.,              )
                                  )
        Respondents.              )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Perry Lane Davis ["Davis"], a state inmate, on June 23, 2006.[1]  In this petition, Davis challenges a conviction for manslaughter entered against him by the Circuit Court of Bullock County, Alabama on November 18, 2002.  This conviction became final in December of 2003.

---

[1] Although the Clerk entered the petition as "filed" on July 19, 2006, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11ᵗʰ Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11ᵗʰ Cir. 1993).  It is clear that Davis delivered his petition to prison officials for mailing prior to July 19, 2006.  The *in forma pauperis* affidavit submitted simultaneously with the petition contains a certification by Davis of June 23, 2006.  *Affidavit in Support of Request to Proceed In Forma Pauperis - Court Doc. No. 2* at 2.  Thus, the petition and related documents remained in Davis' possession as of June 23, 2006 and this is therefore the earliest date he could have presented these documents to prison officials for mailing.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Davis] signed [the relevant documents]."  *Washington v. United States*, 243 F.3d 1299, 1301 (11ᵗʰ Cir. 2001).  In light of the foregoing and as there is no evidence to the contrary, the court considers June 23, 2006 as the date of filing.

Pursuant to the orders of this court, the respondents filed answers in which they argue that Davis' federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  The respondents contend that because Davis' manslaughter conviction became final after the effective date of the federal statute of limitations Davis must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the manslaughter conviction was pending in the state courts.

The evidentiary materials submitted in this case demonstrate that Davis filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, on April 15, 2004 which tolled the limitation period.[3]  However, it is clear that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Davis filing the instant federal habeas petition.  The respondents likewise acknowledge that Davis filed a second Rule 32 petition on November 9, 2005 but

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]Davis certified he placed this Rule 32 petition in the prison mail on April 15, 2004. *Respondents' Exhibit A (Part II) - Court Doc. No. 9-3* at *33*.  Although the state court entered the petition as "filed" on April 21, 2004, it is clear that Davis submitted his Rule 32 petition to prison officials for mailing prior to the date that the state court received the petition.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston v. Lack, supra*.  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, April 15, 2004 is the appropriate date of filing for Davis' first Rule 32 petition.

argue that such petition did not toll the federal period of limitation.[4]  Specifically, the respondents maintain that because Davis filed this second Rule 32 petition after expiration of Alabama's one-year period of limitation applicable to Rule 32 petitions this second petition was not properly filed in accordance with state law so as to warrant statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2).[5]  *Artuz v. Bennett*, 531 U.S. 4, 8-11, 121 S.Ct. 361, 364-365, 148 L.Ed.2d 213 (2000) (time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed."); *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (time limitations in all forms are "filing" conditions and failure to follow such limitations renders a petition untimely and, therefore, not "properly filed" for purposes of tolling under 28 U.S.C. § 2244(d)(2)); *Allen v. Siebert*, ---- U.S. ----, 128 S.Ct. 2, 4-5 (2007) (statutory tolling of the limitation period pursuant to directives of § 2244(d)(2) not allowed for post-conviction petition deemed untimely under state law.)[6]  Hence, the respondents maintain Davis failed to file the instant § 2254 petition prior to expiration of the one-year period of limitation.

---

[4]Davis certified he placed this petition in the mail on November 9, 2005, *Respondents' Exhibit C - Court Doc. No. 17-2* at 30, and, under applicable law, this is the date of filing.

[5]The trial court summarily dismissed Davis' second Rule 32 petition as successive and untimely. *Respondents' Exhibit C - Court Doc. No. 17-2* at 2.

[6]In *Pace*, the Supreme Court noted that under the Alabama Rules of Criminal Procedure "a court 'shall not entertain' a time-barred petition...." 544 U.S. at 417, 125 S.Ct. at 1814, n.7.

Based on the limitations defense set forth by the respondents, the court entered orders advising Davis of his failure to file the pending federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of September 6, 2006 - Court Doc. No. 10*; *Order of November 14, 2006 - Court Doc. No. 18*. The aforementioned orders provided Davis an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. In response to these orders, Davis argues he is entitled to equitable tolling of the limitation period during the pendency of his second Rule 32 petition and until the time he became aware of the trial court's ruling on this petition in May of 2006 because "Petitioner's interpretation of 28 U.S.C. § 2244(d)(2) was any post-conviction motion that is properly filed would toll the one year limitation [period]." *Petitioner's January 16, 2007 Response - Court Doc. No. 21* at 2. Davis asserts he properly filed the second Rule 32 petition as he filed it prior to expiration of the federal period of limitation. *Id.* Davis also argues this court should permit the requested equitable tolling since he filed the second Rule 32 petition in an attempt to exhaust his claims in the state courts. *Id.*

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Davis failed to file the petition within the

applicable one-year period of limitation.

## II. DISCUSSION

### A.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists.  *Id.*

The Circuit Court of Bullock County, Alabama convicted Davis of manslaughter on November 18, 2002.  Davis filed a direct appeal of his manslaughter conviction and the Alabama Court of Criminal Appeals entered a memorandum opinion affirming this conviction on December 2, 2003.  *Respondents' Exhibit B - Court Doc. No. 9-6 -- Davis v. State*, 882 So.2d 884 (Ala.Cr.App. 2003).  The state court record demonstrates Davis did not further appeal his conviction and the appellate court therefore issued the certificate of judgment on December 23, 2003. *Respondents' Exhibit B-1 - Court Doc. No. 9-7*.  Since Davis failed to fully pursue each step of the direct appeal process, he was not entitled to

6

file a petition for certiorari with the United States Supreme Court and the time for seeking review of his manslaughter conviction therefore lapsed upon expiration of the time for filing an application for rehearing in the appellate court -- fourteen (14) days after rendition of judgment. Rule 40, *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). Thus, Davis' conviction for manslaughter became final, at the latest, on December 23, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run no later than December 24, 2003.

   1. <u>Statutory Tolling of the Limitation Period</u>. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added). The federal limitation period therefore ran for 113 days after Davis' conviction became final until his filing a Rule 32 petition in the Circuit Court of Bullock County on April 15, 2004. This petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on April 8, 2005. *Respondents' Exhibit A-2 -*

7

*Court Doc. No. 9-5.*  At such time, Davis had 252 days remaining within which to timely file a federal habeas petition.  Although Davis filed a second post-conviction petition under Rule 32 on November 9, 2005, this collateral action did not warrant statutory tolling of the federal limitation period as Davis failed to properly file this petition, i.e., Davis did not file the petition within the applicable one-year period of limitation established under state law. *See* Rule 32.2(c), *Alabama Rules of Criminal Procedure* (as amended March 22, 2002, effective August 1, 2002) ("[T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals.").  With respect to the petitioner's manslaughter conviction, the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment - the triggering date - occurred on December 23, 2003 and Davis had "one year from the triggering date within which to file a postconviction petition pursuant to Rule 32, Ala. R. Crim. P." *Id. - Court Comment of January 27, 2004 - Amendment to Rule 32.2 Effective August 1, 2002* at (3).  Thus, Davis failed to file his second Rule 32 petition within the time prescribed by state law.

"For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz*, which go to the ability to obtain relief.... [I]t must be the case that a petition that

8

cannot even be initiated or considered due to the failure to include a timely claim is not

'properly filed.'...  For these reasons, we hold that time limits, no matter their form, are

'filing' conditions.  Because the state court rejected petitioner's [state post-conviction]

petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling

[of the limitation period] under § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 417,

125 S.Ct. 1807, 1814 (2005).  The Supreme Court, when again called upon to determine

whether an untimely state post-conviction petition constitutes a "properly filed" action

under 28 U.S.C. § 2244(d)(2), emphatically determined:

> "When a postconviction petition is untimely under state law, 'that [is] the end
> of the matter' for purposes of § 2244(d)(2)."  544 U.S. at 414, 125 S.Ct.
> 1807....  Because [petitioner's] petition for state postconviction relief was
> rejected as untimely by the Alabama courts, it was not "properly filed" under
> § 2244(d)(2).  Accordingly, he was not entitled to tolling of AEDPA's 1-
> year statute of limitations.

*Allen v. Siebert*, ---- U.S. at ----, 128 S.Ct. at 4-5.  Davis is therefore not entitled to

statutory tolling of the federal limitation period during the pendency of his second Rule 32

petition.

2. Equitable Tolling of the Limitation Period.  Case law directs that the limitation

period "may be equitably tolled" on grounds apart from those specified in the habeas

statute "when a movant untimely files because of extraordinary circumstances that are both

beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d

1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). Upon exhaustive review of the record and applicable federal law, the court concludes Davis fails to present circumstances which countenance equitable tolling of the limitation period.

To the extent Davis argues equitable tolling should be awarded to him because of his *pro se* status, lack of legal knowledge and resulting misunderstanding of the "properly filed" requirement of 28 U.S.C. § 2244(d)(2), he is entitled to no relief from this court. Specifically, none of the arguments on which Davis relies warrant equitable tolling of the one-year period of limitation. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox*,

10

231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout most of the period of limitations does not merit equitable tolling), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

With respect to Davis' assertion he is entitled to equitable tolling of the federal limitation period from the time he filed his second Rule 32 petition until the time he discovered such petition had been denied, the court finds this assertion fails to justify equitable tolling.  Initially, Davis does not set forth the existence of any extraordinary

circumstance that prevented him from filing a timely habeas petition. Specifically, it is clear that Davis could have filed a federal habeas petition rather than filing a second state post-conviction petition. Additionally, Davis presents nothing which demonstrates that he exercised diligence in pursuing his claims for relief before this court in a § 2254 petition. The record is therefore devoid of evidence that the delay in filing the instant federal habeas petition resulted from extraordinary circumstances beyond the petitioner's control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Thus, this court "cannot say that [Davis] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'" *Drew*, 297 F.3d at 1291 n.5. Consequently, Davis is not entitled to equitable tolling of the limitation period for time related to the pendency of his second Rule 32 petition.

    3. <u>Expiration of the Limitation Period</u>. Davis' manslaughter conviction became final, at the latest, on December 23, 2003 upon the Alabama Court of Criminal Appeals issuance of the certificate of judgment affirming his conviction. The federal limitation period began to run at this time and ran for 113 days until Davis filed his first Rule 32 petition on April 15, 2004. The limitation period was tolled until final determination of this initial state post-conviction petition by the state courts on April 8, 2005 at which time 252 days remained in the one-year period of limitation applicable to the filing of a federal

habeas petition.  As previously determined, Davis has failed to present any credible basis for either statutory or equitable tolling of the limitation period with respect to its running after final determination of the first Rule 32 petition.  The limitation period therefore began to run again on April 9, 2005 and ran interrupted without statutory or equitable tolling until its expiration on December 16, 2005.  Davis filed the instant petition for federal habeas relief on June 23, 2006, over six months after expiration of the limitation period.  Davis has failed to demonstrate that his petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Perry Lane Davis be denied as Davis failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before August 24, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

13

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of August, 2008.

/s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

14