IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRY LANE DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-640-WKW |
| | ) |
| J.C. GILES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### **ORDER**

On August 11, 2008, the Magistrate Judge filed a recommendation (Doc. # 23) to dismiss Petitioner Perry Lane Davis's ("Davis") 28 U.S.C. § 2254 petition for habeas corpus relief. Davis filed objections to the recommendation. (Doc. # 28.) The court reviews *de novo* the portions of the recommendation to which those objections apply. 28 U.S.C. § 636(b)(1)(C).

On June 23, 2006, Davis filed a § 2254 petition for habeas corpus relief.[1] Section 2254 habeas petitions must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), excepting the time during which a "properly filed" petition for a state post-conviction remedy is pending, § 2244(d)(2).[2] The Magistrate Judge recommends denying the petition because it violates the one-year limitations period that

---

[1] The recommendation explains why the filing date is June 23, 2006, as opposed to July 19, 2006.

[2] The other factors for determining the statute of limitations are not applicable in this case. *See* § 2244(d)(1).

expired on December 16, 2005 (Doc. # 23, at 13), and because the limitations period has not been tolled by statute or as a matter of equity. (Doc. # 23, at 9, 12.) Davis objects with one challenge to the recommendation – that the period between December 12, 2005, the date the state court dismissed Davis's second post-conviction petition (Doc. # 28 ¶ 2), and the date Davis was notified of that dismissal five and one-half months later (Doc. # 28 ¶ 3), should be equitably tolled. (*See* Doc. # 28 ¶ 3 ("That the five and one half 5[1/2] months petitioner was notified after the dismissal should be tolled, due [too] extraordinary circumstances beyond the petitioner control and unavoidable with the exercise or [sic] diligence.")). Even if, however, the court were to grant Davis's request to equitably toll the limitations period from December 12, 2005, to May 10, 2006,[3] the date Davis says he was notified, the one-year statute of limitations still would bar his § 2254 petition.

Davis appears not to object to the recommendation's calculation of the limitations period's expiration date or the intervening tolling periods. The limitations period began on December 23, 2003, the date the Alabama Court of Criminal Appeals certified final judgment. (Doc. # 23, at 12.) Davis filed his first state post-conviction petition 113 days into the limitations period, on April 15, 2004, which tolled the limitations period until the state court denied relief on April 8, 2005. (Doc. # 23, at 12.) Davis filed another post-conviction petition on November 9, 2005 (Doc. # 23, at 2), which was dismissed on December 12, 2005

---

[3] May 10, 2006 is the date Davis gives for the date he was notified of the state-court dismissal, in his response (Doc. # 21) to the court's order to show cause why his petition should not be dismissed as barred by the statute of limitations (Doc. #18).

2

(Doc. # 21 Ex. A). This second petition did not toll the statute of limitations period for filing a § 2254 petition by statute; for a state-court petition to toll the statute of limitations, it must have been "properly filed," § 2254(d)(2), and under state law, Davis's second state post-conviction petition was untimely and thus, not "properly filed." (Doc. # 23, at 8.) Because the second state post-conviction petition did not toll the limitations period, it continued to run during the period that the petition was pending, and expired on December 16, 2005, four days after the state court dismissed the petition. (Doc. # 23, at 13.)

Davis's objection, however, is to the recommendation that the limitations period should not be equitably tolled. He argues that even if his second state post-conviction petition was not properly filed and failed to toll the limitations period, he had four days between the dismissal of that petition and the limitations period's expiration, and because he did not receive notice of the dismissal until five and one-half months later, the time period between the dismissal and the time he received notice should be tolled, ostensibly for equitable reasons.[4] (*See* Doc. # 28 ¶¶ 2-3.) The problem with Davis's argument is that he did not file his § 2254 petition until June 23, 2006 which was after the limitations period had expired *regardless* of whether the court tolls the five and one-half months period. On December 12, 2005, Davis had four days left before the deadline for filing his § 2254 petition

---

[4] Davis requests tolling "due too [sic] extraordinary circumstances beyond [his] control and unavoidable with the exercise or [sic] diligence." (Doc. # 28 ¶ 3.) Though Davis never used the word "equitable," he referenced the relevant factors for determining whether a court should grant equitable tolling. *See, e.g., Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286-87 (11th Cir. 2002) ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.").

expired.  If the court were to toll the period between December 12, 2005, and May 10, 2006 on the theory that the state court's alleged failure to notify Davis of the dismissal warranted equitable tolling – a decision the court need not reach – the limitations period would have started to run again on May 10, 2006, when Davis allegedly received notice of the state-court dismissal.  At that point, Davis had four days – the time remaining on the limitations period – to file a § 2254 petition.  Davis did not file his § 2254 petition until June 23, 2006, and has offered no reason for the court to toll the period between May 14, 2006, and June 23, 2006.

Thus, upon an independent and *de novo* determination of that portion of the recommendation to which objection is made, it is ORDERED as follows:

1.   Davis's objections (Doc. # 28) are OVERRULED.

2.   The Recommendation of the Magistrate Judge (Doc. # 23) is ADOPTED.

3.   Davis's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 is DENIED for failing to file within the one-year limitations period set forth in 28 U.S.C. § 2254(d)(1).

4.   The case is DISMISSED with prejudice.

Done this 7th day of October, 2008.

                                              /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE